IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALFERIS COBY #02238015,<br>  PLAINTIFF, | §<br>§<br>§ | |
| V. | § | A-23-CV-104-RP |
| | § | |
| COURT OF CRIMINAL APPEALS,<br>KIM OGG, COMMISSIONERS COURT<br>OF HARRIS COUNTY, CITY OF<br>HOUSTON POLICE DEPARTMENT,<br>OFFICER JOSE CORONADO,<br>OFFICER RICHARD RODRIGUEZ,<br>OFFICER MICHAEL BURROW,<br>OFFICER RUSSELL GRAY,<br>ED GONZALEZ, SUPREME COURT<br>OF TEXAS, INGER H. CHANDLER,<br>BRIAN FISCHER, DOUGLAS BRADLEY<br>LOPER, TEXAS PENAL CODE,<br>SHARON KELLER, and<br>NATHAN HECHT,<br>  DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

**O R D E R**

Before the Court are Plaintiff Alferis Coby's Motion to Reject Notice of Removal, Motion to Remand, and Motion to Deny Defendants' Removal and the responses thereto filed by Defendants Burrow, Coronado, Gray, and Rodriguez. Plaintiff requests the Court to remand this action to state court based on his belief that (1) the Defendants removed the case for unconstitutional and illegal reasons, (2) Defendants want to maintain the illegal and unconstitutional procedures it used to reach Plaintiff's convictions, (3) removal was waived because Defendants filed motions to dismiss in State Court and set those motions for submission, and (4) Defendants committed fraud on the court by not joining Houston Mayor Sylvester Turner and Defendant Brian Fischer. After consideration of Plaintiff's motions, Defendants' responses, and the applicable law, Plaintiff's motions are denied.

A case may be removed to federal court if the action is one over which the federal court possesses subject matter jurisdiction. 28 U.S.C. § 1441(a). Federal courts are courts of limited jurisdiction and only possess power that is authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A federal court "must presume that a suit lies outside its limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking federal forum." *Howery v. Allstate Ins. Co.*, 276 F.3d 912, 916 (5th Cir. 2001). In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *see also Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004); *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 392 (5th Cir. 2009).

Generally, a federal court has jurisdiction over a case in two circumstances. The first, known as federal question jurisdiction, exists if a case "arises under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1331; *see Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808–09 (1988). The second circumstance in which a federal court has jurisdiction is frequently termed diversity jurisdiction. *See generally* 28 U.S.C. § 1332.

Plaintiff commenced this action in state court against the above-named defendants. Plaintiff raises federal constitutional claims in his complaint. Accordingly, the Court has subject matter jurisdiction over this matter.

Although the Court has subject matter jurisdiction, a case may be remanded to state court if there is a defect in removal procedure. In general, removal requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C.

§ 1446(b)(2)(A).  By its terms, § 1446(b)(2)(A) does not impose any requirements on defendants who were not properly served.  *Shakouri v. Davis*, 923 F.3d 407, 410 (5th Cir. 2019).

The record reflects Defendants Burrow, Coronado, and Rodriguez were served on January 10, 2023. Defendant Gray was served on January 17, 2023.  Their Notice of Removal was filed within 30 days of their receipt of Plaintiff's petition.  These defendants obtained consent to the removal from the Harris County Defendants and Defendant Loper, the only defendants who appeared to have been served before the Notice of Removal was filed.  The City of Houston and Mayor Turner were not listed as parties and were not properly served, even if Plaintiff had intended to name them as defendants.  In addition, there is no evidence that Defendant Fischer had been served before the Notice of Removal was filed.  Accordingly, removal did not violate § 1446(b)(2)(A).

Prior to the filing of the Notice of Removal, Defendant Loper filed an Original Answer.  Such pre-removal filing did not have any effect on the removal.  As noted by the defendants, Loper consented to the removal proceedings.

Plaintiff has not presented any valid basis for remand.  Accordingly, the Court denies Plaintiff's challenge to the removal and motion to remand.

It is therefore **ORDERED** that Plaintiff's Motion to Reject Notice of Removal (ECF #13), Motion to Remand (ECF #15), and Motion to Deny Removal (ECF #17) are **DENIED**.

**SIGNED** on September 14, 2023.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE